KARL MEIER, PLAINTIFF-RESPONDENT, v. WILBUR NIGHTINGALE, DEFENDANT-APPELLANT.

Submitted October 2, 1945—Decided November 9, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiff-respondent, *Chandless, Weller & Kramer* *(Julius E. Kramer)*.

For the defendant-appellant, *Isadore Rabinowitz* and *Hein & Smith*.

The opinion of the court was delivered by

CASE, J. The appeal is by the defendant in a District Court action from a judgment against him in the amount of $211.45 for overpayment of an automobile repair bill under duress of detention of the involved automobile.

The trial judge, sitting without a jury, did not settle the facts beyond finding that defendant had been entitled to the sum of only $565.05, that his demand for $776.50 was in excess of the amount legally due, and that the detention of the automobile until the last mentioned amount should be paid was a duress. There was proof, however, to sustain a finding that defendant, a repairman, gave to plaintiff a detailed estimate of $565.05 as the cost of repairing plaintiff's damaged automobile; that the estimate was accepted as a proposal and that the defendant was employed, and undertook, to do the work at that price; that when the work was,

after a long delay, completed, defendant demanded the sum of $776.50 and, notwithstanding plaintiff's remonstrances, refused to surrender the car until that amount had been paid; and that plaintiff, under protest, paid the sum demanded in order to secure possession. We believe that such a factual finding was necessary to the determination by the court below, and since it had support in the proofs we accept it as correct. Where the proofs permit, an appellate court will assume a finding of fact that will support a District Court judgment. *Meyer Bros., &c., Co.* v. *National Malting Co.,* 124 *N. J. L.* 321. In the presentation of the case here defendant concedes that the fact of the due amount was, with supporting evidence, found against him and is not subject to our review.

Defendant argues (1) that plaintiff could have secured possession by proceeding under the Garage Keepers' Lien Act (*R. S.* 2:60–21, *et seq.*), (2) that the cited statute afforded the sole and exclusive remedy and (3) that plaintiff did not tender the sum actually due.

The matter stated in the third point was not included in the written specification of defenses filed in the District Court by the defendant in response to plaintiff's demand; it was not otherwise raised or argued there; and it was not listed in the specification of determinations filed here. Therefore, we do not consider it as a ground for reversal.

The decision of the court in *Berger* v. *Bonnell Motor Car Co.,* 4 *N. J. Mis. R.* 589, quoted at length and without criticism by the Court of Errors and Appeals in *Miller* v. *Eisele,* 111 *N. J. L.* 268, was rendered on an exaction for automobile repairs under circumstances closely akin to those of the instant case and is, we consider, controlling on us. That ruling was made in 1926 when the Garage Keepers' Lien Act, *supra,* (chapter 312, *Pamph. L.* 1915; chapter 33, *Pamph. L.* 1925, &c.), was in full force and effect. The facts bring this case within the principle there stated. The immediate possession of the automobile to which plaintiff was entitled, prevented as it was by defendant's duress, warranted payment of the demanded price under protest with right of subsequent recovery for the overpayment.

The judgment below will be affirmed.